IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASSIVE LLC et al.,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. C 09-3612 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

Now before this court is the Government's motion to dismiss for lack of subject matter jurisdiction. Plaintiffs ask this court in their Complaint "to order processing of refund in the amount specified in the IRS filing . . . ." Comp. ¶ 5. Indeed, this Court would have subject matter jurisdiction in certain circumstance over a law suit to obtain an IRS tax refund. However, the Government's sovereign immunity has only been waived with certain conditions. For instance, the United States Code provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary. . . . ." 26 U.S.C. § 7422. Plaintiffs do not allege that they filed such a claim. Indeed, they do not allege that they paid tax on any particular assessment such that a refund would be possible. One cannot refund a tax payment that has never been paid. See Flora v. United States, 362 U.S. 145, 177 (1960) (holding that a suit for a tax refund

"requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court.").

At the hearing, Plaintiffs did not suggest that they did, in fact, pay an assessment. Indeed, Plaintiffs seemed to concede at the hearing that their cause of action is not truly an action for a tax refund. If that is the case, then Plaintiff must establish some different vehicle for waiver of sovereign immunity. "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983). Because Plaintiffs have failed to present sufficient evidence of this Court's jurisdiction over the dispute, this case is DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: January 19, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE